CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 10 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEVI SPRINGER, | ) |
| | ) Civil Action No. 7:12-CV-336 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| J.T. GILBERT, et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

On February 25, 2013, plaintiff Levi Springer ("Springer"), an inmate at Red Onion State Prison, filed a Motion to Compel Discovery (Docket Item No. 70) in the civil rights action he brought under 42 U.S.C. § 1983. Since that time, the parties have filed, and the court has addressed, other motions including motions to dismiss and for summary judgment. The remaining defendants include J.T. Gilbert, Sgt. Collins, C/O Mullins, and C/O Brinkley. Springer's remaining claims include whether the defendants 1) allowed an assault and failed to protect Springer in May 2012 (Claim Three) and 2) unconstitutionally continued the application of five-point restraints on Springer beginning September 18, 2012 (Claim Four). Springer is seeking the production of recordings that purportedly capture those incidents and an incident from June 23, 2011.*

The defendants supported their motions for summary judgment by producing a handheld video (DVD) from September 18, 2012. Springer now seeks the following additional discovery:

1) "Rapid Eye Movement" camera recordings from June 23, 2011 during Springer's assault in the outside recreation area;

---

* The defendants have not filed an opposition to Springer's Motion to Compel and the deadline for responding under W.D. Va. Civ. R. 11(c)(1) has expired. In accordance with W.D. Va. Civ. R. 11(b) and Fed. R. Civ. P. 78(b), the court will determine the motion without an oral hearing.

1

2) handheld video recordings of Springer's assault in the outside recreation area on June 23, 2011;

3) handheld video recording of evidence of Springer's assault in the recreation area on May 10, 2012;

4) video recordings from September 19, 2012 between approximately 7:30-9:30 a.m. when the defendants removed the five-point restraints; and

5) video recordings from September 19, 2012 approximately 15-17 hours after the defendants placed Springer in five-point restraints between 12:00-2:00 a.m.

Fed. R. Civ. P. 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court finds that recordings of the incidents of May and September 2012 are relevant to Springer's claims and to the defense and will grant his motion as to those requests. The court will deny Springer's motion as to recordings from June 23, 2011. Springer's claim regarding June 23, 2011 has been dismissed and discovery as to that claim is not relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the remaining claims.

For the foregoing reasons, the court will grant in part and deny in part Springer's Motion to Compel. The court will order the defendants to produce any recordings of Springer from May 10, 2012 and September 19, 2012 within 14 days.

**ENTER:** September 10th 2013.

_____
UNITED STATES DISTRICT JUDGE