# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00336 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **SGT. ADAMS, et al.,** | ) | By: PAMELA MEADE SARGENT |
| Defendants. | ) | United States Magistrate Judge |

The pro se plaintiff, Levi Springer, an inmate currently incarcerated at Red Onion State Prison, ("Red Onion"), brings this civil rights action under 42 U.S.C. § 1983, against various employees at Red Onion. As the result of a previous motion to dismiss and motion for summary judgment, only the following claims remain: whether the defendants (1) allowed an assault and failed to protect Springer in May 2012; and (2) unconstitutionally continued the application of five-point restraints on Springer beginning September 18, 2012. The remaining defendants in the case, K. Brinkley, L. Collins, C. Gilbert and P. Mullins, have filed a Motion For Summary Judgment, (Docket Item No. 133) ("Motion"), alleging that Springer failed to exhaust his administrative remedies with regard to his claim that they conspired to have him assaulted by other inmates and failed to protect him with respect thereto, ("Claim 3"). Springer has responded to the Motion, and none of the parties have requested a hearing, making the matter ripe for disposition. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report recommending that the Motion be denied.

## I. Facts

According to Springer, on May 15, 2012, two inmates began calling out his name and VDOC number and calling him a snitch. He claims that when he notified defendant Gilbert of this situation, Gilbert assured him that there would be no problems during recreation. However, Springer alleges that as he was being taken outside for recreation, Collins told Mullins and Brinkley to make sure that he was placed in the far end of the recreation cages. Springer claims that, during recreation, the two inmates threw feces on him, which Mullins, Brinkley, Collins and Gilbert observed for approximately 15-20 minutes before approaching the cages. He alleges that the defendants' actions constituted a violation of his Eighth Amendment rights.

Springer submitted an emergency grievance on May 15, 2012, complaining that the two inmates threw feces on him that day in the recreation yard and that Gilbert refused to provide him with a change of clothes and a complaint form. (Docket Item No. 134-1, ("Messer Affidavit"), at 4; Docket Item No. 134-1 at 19).[1] However, staff determined that the grievance did not meet the definition of an emergency. (Messer Affidavit at 4; Docket Item No. 134-1 at 19.) On July 23, 2012, Springer submitted two regular grievances complaining that staff instructed Mullins and Brinkley to place him at outside recreation so that the two inmates could attack him with feces. (Messer Affidavit at 4; Docket Item No. 134-1 at 20-21, 23-24.) Attached to one of these regular grievances was an informal complaint by Springer, completed on July 15, 2012, alleging that Unit Manager Younce, Gilbert and Collins instructed Brinkley and Mullins to place Springer in a position

---

[1] The defendants have provided an affidavit from J. Messer, an Institutional Grievance Coordinator at Red Onion.

in the recreation cages so the two inmates could attack him with feces. (Docket Item No. 134-1 at 22.) Both regular grievances were rejected for intake because the 30-day time period for filing them had expired, and both grievances were returned to Springer. (Messer Affidavit at 4; Docket Item No. 134-1 at 21, 24.) Springer forwarded one of these grievances to the Regional Ombudsman for a review of the intake decision, which was upheld on August 1, 2012. (Messer Affidavit at 5; Docket Item No. 134-1 at 24.) Springer submitted four informal complaints on issues not related to Claim 3 between May 15, 2012, and June 14, 2012, the 30-day time period during which he was required to submit an informal complaint and a regular grievance concerning the issues raised against the defendants in Claim 3. (Docket Item No. 134-2 at 6-9.)

In his response, Springer did not address the defendants' factual allegations regarding his failure to exhaust Claim 3 as set out in their brief accompanying the Motion. Instead, he attacked the Motion on procedural grounds only. Thereafter, Springer filed an affidavit in which he alleged that his efforts to file informal complaints were frustrated. (Docket Item No. 151, ("Springer Affidavit")). Springer further alleged that shortly after assuming his position as Warden at ROSP, Randall Mathena, issued a memorandum to all inmates stating that informal complaints could be obtained only from a sergeant or individual of higher ranking authority and only after the inmate had explained to security staff the exact nature of the incident at issue. (Springer Affidavit at 2.) Springer alleges that the memorandum also states that an informal complaint may be issued after the sergeant has had an opportunity to resolve the situation. (Springer Affidavit at 3.) Springer claims that had the defendants given him the opportunity to explain the nature of the incident at issue, they would have denied him an informal complaint form on the grounds of the Warden's memorandum. (Springer Affidavit at 3.) In

response to Springer's affidavit, the defendants filed an affidavit of Warden Mathena. (Docket Item No. 157-1, ("Mathena Affidavit")). In his affidavit, Warden Mathena states that he and his staff searched for the memorandum described by Springer, but could not find it. (Mathena Affidavit at 1.) Warden Mathena further states that, to the best of his knowledge, he did not issue such a memorandum. (Mathena Affidavit at 1.) The court notes Springer's pro se status. *See Haines v. Kerner*, 404 U.S. 519 (1972) (a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."). Keeping Springer's pro se status in mind, I find it appropriate to consider, in addition to the materials proffered to the court with the current Motion, those proffered to, and considered by, the court in relation to the previous motion for summary judgment, as well as the Motion For Leave To File An Amended Complaint, (Docket Item No. 144) ("Motion to Amend"), currently pending before this court.

*II. Analysis*

With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. In order to be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, *Ky.,* 93 F.3d 230, 233 (6th Cir. 1996).

The defendants argue that there is no dispute in material fact and that they are entitled to entry of summary judgment as a matter of law because Springer failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act prior to filing suit. The Prison Litigation Reform Act, ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a) (West 2012). "The exhaustion requirement is mandatory, and courts lack the authority to waive that requirement." *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise act to prevent a prisoner from exhausting his administrative remedies. *See Moore v. Bennett*, 517 F.3d 717, 725 (4th Cir. 2008). Therefore, a court may excuse a prisoner's failure to exhaust an administrative remedy if a prisoner, "through no fault of his own, was prevented from availing himself of" the remedy. *Moore*, 517 F.3d at 725.

I find that the evidence before the court does present a genuine issue of material fact. The parties dispute whether Springer fully exhausted his administrative remedies with regard to Claim 3. The defendants have provided affidavit testimony from a grievance coordinator that Springer did not exhaust his administrative remedies because he failed to file an informal complaint within the 30-day time period specified in the Offender Grievance Procedure, ("OP 866.1"). Instead, he filed an emergency grievance on the date of the incident, which was deemed not to meet the definition of an emergency. Springer also submitted two regular grievances regarding the recreation yard incident on July 23, 2012, both of which were returned to him as untimely filed. However, Springer asserted in his response in opposition to the defendants' previous motion for summary judgment, (Docket Item No. 94-1), that he exhausted his administrative remedies to the extent that they were "available" to him. *See Moore*, 517 F.3d at 725. In particular, he contended that he could not file a timely grievance because Gilbert and Collins refused to give him an informal complaint form and that he documented such refusal in emergency grievances dated May 15, 2012, June 25, 2012, and August 27, 2012. (Docket Item No. 94-1 at 2-3, Springer Affidavit at 2.) He stated that he had shown "a repeated process of diligently attempting to obtain an informal complaint without success." (Docket Item No. 94-1 at 3.) Springer further contended that the defendants failed to turn over the documentation of the refusal to provide an informal complaint related to three emergency grievances he filed. (Docket Item No. 94-1 at 10.) Springer stated that the defendants also refused to acknowledge that his complaint, grievance and appeal to the Regional Director was outside of his ability to initiate in a timely manner. (Docket Item No. 94-1 at 10.) Additionally, in the Motion to Amend, Springer alleges that several requests to the grievance office for assistance in submitting an informal complaint regarding Claim 3 went unanswered in May and June 2012. (Motion to Amend at 1.) He

reiterated his position that in emergency grievances dated May 15, June 25, and August 27, 2012, he stated he could not get a complaint form from building staff. (Motion to Amend at 1.) Springer contends that both grievance coordinators had direct knowledge through the emergency grievance record that his efforts to exhaust administrative remedies were being frustrated. (Motion to Amend at 2.) He alleges that the defendants, in conjunction with two grievance coordinators, are denying the evidence of refusal to allow him to exhaust his administrative remedies. (Motion to Amend at 2.)

As for the recently filed affidavit evidence, I find that it also creates a dispute in fact because Springer claims that a procedure instituted by Warden Mathena and memorialized in a memorandum creates an impediment to obtaining informal complaint forms, while the defendants claim that such memorandum does not even exist.

Lastly, despite the defendants' contention that Springer filed four informal complaints regarding issues unrelated to Claim 3 during the 30-day time period in which he had to file an informal complaint and a grievance in reference to the allegations made against the defendants and contained in Claim 3, this does not overcome the dispute in fact regarding whether Springer's efforts to exhaust his administrative remedies as to Claim 3 were frustrated to the extent that they were unavailable to him. The court further takes note of the fact that the Informal Complaint form itself states "Only one issue per Informal Complaint" in the "Instructions For Filing" section of the form. Thus, Springer was required to obtain a separate Informal Complaint form for each and every issue he wanted addressed.

Therefore, I find that Springer's allegations create a material dispute of fact regarding whether his attempt to exhaust his administrative remedies was frustrated by Gilbert and Collins, and possibly Red Onion's grievance coordinators, and I will recommend that the court deny the defendants' Motion.

**PROPOSED FINDINGS OF FACTS AND
CONCLUSIONS OF LAW**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. There is a genuine issue of material fact with respect to whether Springer exhausted his administrative remedies as to Claim 3; and
2. The evidence fails to show that Springer did not exhaust his administrative remedies prior to filing this suit.

**RECOMMENDED DISPOSITION**

Based on the above-stated reasons, I recommend that the court deny the Motion.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 31st day of March, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE