# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI SPRINGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:12CV00336 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **SGT. ADAMS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

This inmate civil rights action, brought under 42 U.S.C. §1983, is before the court upon the Report and Recommendation of United States Magistrate Judge Pamela Meade Sargent, prepared pursuant to 28 U.S.C. § 636(b). The Magistrate Judge has recommended that I deny defendants' Motion for Summary Judgment, which motion contends that the plaintiff failed to exhaust available administrative remedies before filing this action, as required under 42 U.S.C. § 1997e(a). The fourteen days allotted under § 636(b) for parties to object to the findings and recommendations in the Magistrate Judge's report have expired, and neither party has filed objections to the findings, conclusions, or recommended disposition in the report.

I have reviewed the report and find well taken its recommended conclusion that material facts remain in dispute as to whether plaintiff was frustrated in his

attempts to exhaust administrative remedies.* Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 158) is ACCEPTED. Because material facts remain in dispute as to the availability of administrative remedies, defendants' Motion for Summary Judgment (ECF No. 133) is DENIED.

ENTER: May 8, 2014

/s/ James P. Jones
United States District Judge

---

* I note that one material factual dispute that the Magistrate Judge found in her Report has since been resolved by submissions filed by the parties. Plaintiff alleged that under a memorandum issued by Warden Mathena, inmates could obtain Informal Complaint Forms only from a supervisory officer after that officer had an opportunity to resolve the inmate's complaint. Because Mathena stated that he could not remember such a memorandum, the Magistrate Judge noted the existence and content of the memorandum as a material dispute. Both sides have now submitted identical copies of the memorandum, dated September 19, 2013. It states in part as follows:

> Informal Complaint Forms may be handed out by Unit Managers, Supervisors, or Officers in Segregation using the below process:
>
> Under our Evidence Based Practices theme at ROSP, a Supervisor/Officer must attempt to resolve the Offenders' complaint prior to issuing an Informal Complaint to the Offender (Exception Medical/Mental Health). If the complaint is resolved by a Supervisor/Officer and the Offender feels his complaint is resolved, then the Offender may withdraw his verbal complaint. If the Building Supervisors cannot resolve the Offenders complaint, the Offender will be issued a complaint form within a reasonable about of time. <u>Communication between the Offenders and all Staff members are encouraged to ensure and strengthen lines of communications.</u>

(Mathena Aff., Mar. 18, 2014, Ex. A, ECF No. 157-1; Pl.'s Supplemental Resp., Ex. B, ECF No. 161-1.) This memorandum does not resolve the parties' dispute regarding Springer's allegation that officers would not give him Informal Complaint forms when requested.